## MARY CHARMAN AND MOSES MILLER *v.* WILLIAM CHARMAN.

### EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

ARGUED MARCH 15, 1909.                    DECIDED MARCH 22, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

NEW TRIAL—*newly discovered evidence.*

> Exception to granting a new trial on the ground of newly discovered evidence is not sustained the evidence appearing to be material.

### OPINION OF THE COURT BY HARTWELL, C. J.

This was an action to quiet title in a certain parcel of land at Koloa on the Island of Kauai claimed by the plaintiffs to have been devised to them by George Charman, deceased testate, by his will dated June 27, 1887, and admitted to probate February 18, 1892, devising to the testator's widow Mary Charman, one of the plaintiffs, for her life, besides other property, "the store and land now leased to L. Turner," over in fee to a grandson, Moses Miller, the co-plaintiff. The plaintiffs claimed that the "store and land now leased to L. Turner" consisted of the two adjoining pieces described in their complaint by metes and bounds, which, as the evidence shows, were occupied by him under some arrangement or other with George Charman, while the defendant claims that the land included nothing more than that which had been leased to Apau by the testator by a lease dated June 11, 1885, for the term of fifteen years at a monthly rental of $12, rent to begin five years after the date of the lease of property described in the lease as "a certain piece of land in the corner of William Charman's land where his store now stand from the wall to the post and railin fence in wide forty feed herein after mentioned," and that the lease is too indefinite in

its description of the premises to indicate what the testator meant by "the store and land now leased to L. Turner." The Apau lease, it appears, was assigned to Turner by Apau's assignees in bankruptcy, with the lessor's consent endorsed upon it, May 28, 1886, and no other lease is shown to have been held by Turner.

Jury being waived the case by stipulation was tried by Judge Robinson of the first circuit in place of Judge Hardy of the fifth circuit disqualified.

The plaintiffs showed by the testimony of Louis Kahlbaum that L. Turner's store was on the part of the land belonging to George Charman which is now claimed by the defendant, and by the evidence of F. Turner, a brother of L. Turner, that when he himself went there to live with the brother in 1887 their store was on the corner of the estate land not claimed by the defendant; that his brother had arranged for it with George Charman and that no change was made in their building until he (F. Turner) left in 1891, he having meanwhile bought out his brother who moved away, and that he paid rent for the entire premises to George Charman.

Much evidence was introduced and admitted tending to identify and locate the land covered by the Apau lease, but the judge, apparently regarding this as insufficient to show what the testator meant by the store and land leased to L. Turner, gave judgment for the defendant. The plaintiffs moved for a new trial on the ground of newly discovered evidence, namely, that of L. Turner who would testify, as shown by affidavit, that "when in Koloa occupying the store and premises formerly known as the Apau store he used and occupied the same land, buildings and premises as had been occupied before him by said Apau, and that his rights therein were as purchaser and holder of the former Apau lease, which premises so occupied by him and by Apau before him were bounded by a stone wall on the mauka side dividing the same from William Charman's land; that the

store and buildings formerly used and occupied by Apau extended to within eight or ten feet of the stone wall on William Charman's side and that he, said Turner, never added to said buildings except to add a small kitchen on the makai side. Further, that he paid no rent whatever to George Charman for the premises so occupied, George Charman knowing and understanding the same, and that no rent was payable under said lease for the first five years thereof and that he, said Turner, so occupied the whole of said premises by virtue of holding said Apau lease."

An order was made granting a new trial, to which order the defendant excepted and this is the sole exception before us. It is not disputed that the evidence was newly discovered and it appears to be material, not upon the untenable theory that all land occupied by L. Turner, whether under lease or not, would pass by the terms of the will, but because the description in the lease is so uncertain as to require parol evidence to aid in ascertaining the true boundaries, and occupancy and other acts of the parties are material evidence in this connection.

Exception overruled.

*L. J. Warren* (*Smith & Lewis* on the brief) for plaintiffs.

*J. Lightfoot* for defendant.